## Wilt's Estate

*James Paul MacElwee*, for petitioner; *Holding & Harvey*, contra.

NILES, P. J., nineteenth judicial district, specially presiding, August 14, 1933.—On December 7, 1932, the account of Guy B. Wheeler, executor of the estate of Abbie D. Wilt, was finally adjudicated, fixing the balance due by him to the estate in the sum of $134,941.31, this being a surcharge of $55,320.25; and a decree was entered ordering the executor to pay to the trustees of St. John's Presbyterian Church, at Devon, Pa., the residuary legatee, the sum of $55,320.25. The decree was not complied with nor legal excuse offered, and on March 17, 1933, the executor was adjudged guilty of contempt and committed to the prison of Chester County.

The court is now urged to release him, on the ground that he is utterly without means or ability to comply with the decree. Petitions were presented and filed on June 27, 1933, joined in by many reputable and prominent citizens, certifying to the inability of the prisoner to obey the court's decree, his good repute, and pleading for his release. Trustees of the church field an answer on July 26, 1933, to which Wheeler filed a reply on July 27, 1933. Counsel have agreed to submit the matter upon the record as it stands and the petition, answer, and replication now before the court.

The executor in his petition sets out his income and disbursements from 1927, and also the date and manner of distribution of all the bonds which he alleges were given to him by Mr. Wilt, and which in this proceeding were adjudicated to belong to the estate and are a part of the surcharge against the executor. The answer of the church avers that instead of the petitioner purging himself of contempt, "Mr. Wheeler has done everything he could do to obstruct and prevent payment of the award to these respondents", alleging in support certain conduct.

If the petitioner's fault were only in what he did before 1927, his petition now for discharge would have more appeal. The judicial weapon of imprisonment for contempt should not be wrested from its normal purpose of compelling performance of something capable of being performed and made a substitute for

penalty for violation of the criminal law; neither should it be made the substitute for an execution whereby property may be seized in satisfaction of a debt. Any property to which this defaulting executor may be entitled is liable, of course, to the various processes of civil execution. Also, he is liable criminally to prosecution for his embezzlement and fraud. He cannot legally be imprisoned for life or indefinitely, even after conviction of felony; nor upon the return of ineffective execution processes can he be imprisoned for debt. It is not clear, however, that since the adjudication he has done all within his power to obey the court's decree. His reply to the matter set forth in the answer of the church is not impressive of his candor and good faith. He admits that on September 16, 1927, he purchased at his own sale as executor valuable household furniture, rugs, pictures and other personal effects of the decedent for the sum of $1,217.34, and removed it to his residence. There is no pretense that he has ever paid for this. It is a part of the surcharge against him. He alleges that he added this property to a list of other property covered by an agreement between himself and his wife, dated September 12, 1927, 2 days before the executor's sale. He asserts that this entireties agreement was in good faith and for the purpose of rendering all of their personal property the joint property of both as tenants by entireties. There is no suggestion that there was any consideration or that Mrs. Wheeler had any right or interest in any of the property. It has been established that at that time Wheeler was liable to the Wilt estate for the bonds theretofore embezzled by him. Under these circumstances, the alleged entireties agreement is ineffective as against the estate. The same conclusion applies to the two automobiles which admittedly were Wheeler's and which he is participating with his wife in asserting title to. Wheeler's reply admits the removal of the fixtures from the residence purchased under the mortgage by the church, but denies that he removed them, giving as reason for denial "because said Guy B. Wheeler was an inmate of the Chester County prison." He avers that Mrs. Wheeler, acting upon the advice of Karl W. Johnson, removed certain personal property, the exact identity of which Wheeler does not know and has no means of knowing. This seems to be at least evasive, and in connection with the above mentioned conduct regarding the furniture and automobiles is indicative of collusion by Wheeler with his wife.

The salient features of the case affecting this petition of the executor for discharge from imprisonment are: Mr. and Mrs. Wilt executed substantially identical wills on June 9, 1925. Each made the survivor residuary legatee. Mr. Wilt died March 8, 1927, and Mrs. Wilt died June 17, 1927. Prior to the husband's death, a safe deposit box in Girard Trust Company contained their joint property, including $36,300 of bonds, which Wheeler, the attorney in fact of Mrs. Wilt as executor of Mr. Wilt, and after Mrs. Wilt's death her executor, appropriated, and which are part of the final surcharge against him of $55,-320.25. Mr. Wilt was the only person who had access to this box up to a week before his death, and regularly cut the coupons from the bonds in dispute and deposited them in the joint bank account of himself and his wife. Mrs. Wilt never went to the box personally, but Wheeler, to whom she gave a power of attorney March 25, 1927, had access to it, and as the coupons from the bonds became due he deposited the amount thereof to the credit of Mrs. Wilt. After the death of Mr. and Mrs. Wilt, no one except Wheeler opened the safe deposit box or had any knowledge of its contents or what was done at any of the eleven times when he alone opened it. He filed an inventory which did not include these bonds, with which he was finally surcharged, and he filed his account without giving any notice or information to the other officers of the church, the residuary legatee. As appears in his reply to the answer of the church to the petition now

before the court, he bought at his own sale as executor $1,217.34 worth of valuable household furniture belonging to the estate and immediately included it in what he termed an entireties agreement, under which his wife now claims the right to hold it, together with other property.

In view of the indisputable facts of the record and the admissions of the petitioner in his reply to the answer of the church, we are unable to find that the petitioner has done or is doing all that is within his means and ability to comply with the court's decree. It is evident that at least the furniture purchased by Wheeler at his sale as executor has been and is within his control; and in view of the admitted connivance of his wife in the original attempt to cover it up, together with other personal property, by a pretended entireties agreement, we are driven to the conclusion that there was such a conspiracy between the husband and wife to defraud the Wilt estate and the residuary legatee as makes him responsible for her conduct regarding these matters.

In the absence of evidence of a sincere attempt on the part of the petitioner to turn over to the church on account of the court's decree the property pretended to be acquired by Mrs. Wheeler without legal consideration, we cannot find that he has purged himself of contempt.

In the present state of the record and at this time, we cannot direct his discharge from imprisonment.

And now, August 14, 1933, the petition of Guy B. Wheeler to be purged of contempt and for discharge from imprisonment in accordance with the court's order of March 17, 1933, is refused.

From Truman D. Wade, West Chester, Pa.